# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-00028-TWP-VTW-7 |
| ) | |
| TERRANCE BRASHER, ) | |
| ) | |
| Defendant. ) | |

## ENTRY DENYING MOTION TO MODIFY PROTECTIVE ORDER

This matter is before the Court on Defendant Terrance Brasher's ("Brasher") Motion to Modify Protective Order (Filing No. 789). For reasons explained in this Entry, the Motion is **denied**.

## I. BACKGROUND

While conducting investigations of drug trafficking activities in the area of New Albany, Indiana and Louisville, Kentucky, in April, May, and June 2015, the FBI learned of a criminal drug enterprise involving numerous individuals. The investigation of the enterprise, referred to as the "Shelton Drug Trafficking Organization," included among other things, the use of confidential informants and controlled drug purchases. In order to advance the investigation of the criminal enterprise's scope, purpose, and participants, the FBI applied for and was granted the issuance of Title III wiretap orders authorizing the interception of wire, oral, and electronic communications.

On December 15, 2015, a seven-count Indictment was filed naming Brasher as Defendant No. 7 in this drug conspiracy case, along with fourteen other defendants. (Filing No. 75.) Brasher was charged in Count 1, which alleges he and the co-defendants conspired to possess with the intent to distribute, and distributed 500 grams or more of methamphetamine (mixture), and one

kilogram or more of heroin between April 20 and December 10, 2015, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On January 4, 2016, the Government, under seal, filed several motions for partial unsealing of applications, affidavits and compact discs containing recorded intercepts and a request for protective order. On January 11, 2016, the Court issued four sealed Orders partially unsealing the Orders themselves, plus associated wiretap materials, for discovery purposes, with respect to three different Target Phones.[1] Thereafter, CDs containing all wiretap recordings, line sheets, applications, and various orders, including copies of all intercepted calls and text messages over Target Phones belonging to co-defendants Carlos Shelton and Terry Martin, were provided to Brasher's then counsel, Brian Darling, who signed a discovery receipt. (Filing No. 795 at 2-3.)

On February 5, 2016, the Court granted the Government's motion to partially unseal the applications, affidavits, warrants, and wiretap orders, for the purpose of allowing the Government to disclose the wiretap documents to all defense counsel and the individual defendants in the Indictment and any superseding indictment. (Filing No. 264 at 2.) The Court also granted a protective order that specifically states as follows:

> Defense counsel are ORDERED to keep the documents in their care, custody and control and specifically ORDERED not to photocopy, in part or in whole, for purposes of providing them to any other individual or entity, including the defendants. Custody of the documents is not to be transferred from defense counsel and/or defense counsel agents. While each defendant may review the documents, such review must occur within the care, custody and control of defense counsel and/or defense counsel agents.

*Id.* On May 17, 2017, Brasher was charged in a single count Superseding Indictment along with Carlos Shelton, Joseph Tucker, and Brandy Gum, with conspiracy to possess with intent to

---

[1] Each Order was filed under the miscellaneous cause number under which the respective wiretap Order was issued (collectively, the "Protective Order"). (4:15-mc-003, Dkt. 8; 4-15-mc-004, Dkt. 15; 4-15-mc-006, Dkt. 9; 4-15-mc-004, Dkt. 11.)

distribute 500 grams or more of methamphetamine, one kilogram or more of heroin, and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ([Filing No. 539](#).) Ultimately, all other defendants in the case entered pleas of guilty and Brasher was the sole defendant that proceeded to trial. A jury trial commenced on January 22, 2018 and on January 25, 2018, the jury reached a verdict of guilty. Co-defendants Carlos Shelton and Terry Martin testified against Brasher during his trial. Sentencing is scheduled for April 20, 2018. Brasher believes the Government intends to have Shelton and Martin testify at his sentencing hearing and anticipates the Government will offer the content of conversations contained in recorded texts and telephone calls. (*See* [Filing No. 789 at 2](#).)

On March 3, 2018, Brasher filed a Motion to Modify the Protective Order imposed in this case. In broad terms, the Motion asks the Court "to allow the Defendant to obtain and possess printed copies of the phone conservations and texts obtained by the government with a Title III wiretap." ([Filing No. 789 at 1](#).) The Government opposes the Motion and argues that good cause has not been shown to warrant any modification of the Protective Order.

## II. <u>LEGAL STANDARD</u>

Wiretaps, whether made by state or federal authorities, are controlled by Title III of the Federal Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"). Congress enacted a comprehensive scheme for the regulation of wiretapping and electronic surveillance. *See United States v. United States District Court,* 407 U.S. 297, 301-306 (1972). Title III authorizes the interception of private wire and oral communications, but only when law enforcement officials are investigating specified serious crimes and receive prior judicial approval, an approval that may not be given except upon compliance with stringent conditions. 18 U.S.C. §§ 2516, 2518(1)-(8). Applications made and orders granted under this chapter shall be sealed by the judge. *Id.* If a wire

3

or oral communication is intercepted in accordance with the provisions of Title III, the contents of the communication may be disclosed and used under certain circumstances. 18 U.S.C. § 2517.

Title III's statutory scheme imposes significant constraints on disclosure and use of electronic surveillance information. 18 U.S.C. §§ 2510-2520. Under § 2518(8)(a), recordings of intercepted conversations are to be sealed and "the purpose of this provision is to insure [sic] the integrity of the tapes following the interception." *McMillan v. United States*, 558 F.2d 877, 878 (8th Cir. 1977). Applications and orders shall be disclosed only upon a showing of good cause before a judge of competent jurisdiction and shall not be destroyed except on order of the issuing or denying judge, and in any event shall be kept for ten years. 18 U.S.C. § 2518(8)(b).

Title 18 U.S.C. § 2518(9), allows wiretap materials to be disclosed in the court for discovery purposes, by virtue of a partial lifting of the seal, however, such materials nevertheless remain under seal pursuant to 18 U.S.C. § 2518(8)(b). The privacy interests of persons, including third parties, requires that courts zealously safeguard disclosure of such materials and severely limit the conditions under which such materials may be disclosed. 18 U.S.C. § 2518(8)(b) (permitting disclosure only "upon a showing of good cause before a judge of competent jurisdiction"); *see, e.g.*, *In re Applications of Kansas City Star*, 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district court order which barred defendant and his attorneys from disclosing wiretap materials was "highly appropriate considering the 'privacy of other people'" and noting that the good cause requirement of the statute called for consideration by the courts of the privacy interests of third parties which might be affected by the disclosure).

### III. DISCUSSION

Mr. Baird, counsel for Brasher, does not allege that he has not received all of the discovery materials from prior counsel Mr. Darling, or the Government; rather, he requests that he be allowed

4

to provide copies of the protected discovery items to his client. Counsel lists three reasons why Brasher needs physical possession of wiretap discovery materials post-trial: (1) he asserts that the obstructive nature of the Protective Order impedes his ability to present a defense, rebut evidence, present exculpatory evidence and confront witnesses' false testimony at his upcoming sentencing hearing, (2) that the wiretap materials do not pose a threat to the safety of any government witnesses, and (3) he needs the wiretap materials for his upcoming appeal.

The Court is not persuaded by any of these arguments. As an initial matter, the Court agrees with the Government that Brasher's Motion is overly broad. The Motion does not limit itself to the sessions in which Brasher himself was a part of, or to intercepts that were offered into evidence at trial; rather he requests physical copies of all wiretap materials involved in the investigation. He has not established how wiretaps unrelated to him are relevant to his upcoming sentencing hearing or appeal. Further, Brasher's Motion discusses none of these statutory restrictions, and he cites no legal authority requiring this Court to modify the Protective Order to allow him to possess physical copies of materials that may not be related to him.

Regarding his argument that the Protective Order is obstructive such that Brasher needs physical copies, the Court notes that Brasher is represented by two able bodied attorneys. Other than having to travel a distance to visit with their client, counsel have offered no reason why Brasher cannot *review* the documents that have been disclosed and to assist his counsellors in presenting a defense, rebutting evidence, presenting exculpatory evidence and confronting witnesses' false testimony at his upcoming sentencing hearing. If counsel are unable to travel to the county where Brasher is being detained, counsel may contact the United States Marshal Service and make arrangements for his transport to a closer facility.

Regarding his second argument, the Court is not persuaded that the wiretap materials do not pose a threat to the safety of any government witnesses. The allegations contained in the pre-sentence investigation report, and allegations made by co-defendants, establish the potential for danger posed by Brasher and others. The Government is correct; the unfettered disclosure of wiretap materials is one of the many reasons that such disclosures are strictly controlled by law generally, and the Protective Order specifically. (Filing No. 795 at 9.) Releasing wiretap materials unrestricted into a jail would plainly thwart the very real concerns imposed by the statute. *Id*.

Brasher's final argument that he needs the wiretap materials for his upcoming appeal is also without merit and premature. The Government has offered if Brasher's appellate counsel needs to review or obtain any of the trial discovery that is not already a part of the trial record, appellate counsel may contact the Government for release of those materials at the appropriate time. If Brasher represents himself *pro se* in his appeal, he may make this request to the appellate court.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Brasher has failed to meet his burden to show good cause for modification of the Protective Order. Accordingly, Brasher's Motion to Modify Protective Order (Filing No. 789) is **DENIED**.

**SO ORDERED.**

Date: 4/3/2018

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

J. Clark Baird
J. CLARK BAIRD PLLC
clark@jclarkbaird.com

John L. Tompkins
BROWN TOMPKINS LORY & MASTRAIN
johnltom@mac.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov